IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF VIRGINIA ROANOKE DIVISION

MOUNTAIN VALLEY PIPELINE, LLC,

  Plaintiff,

v.                                                                    Case No. 7:19-cv-147

1.85 ACRES OF LAND,
OWNED BY JACQUELINE
J. LUCKI,

  Defendant.

## **LOLLAR LAW PLLC'S MOTION AND MEMORANDUM FOR RECOVERY OF ATTORNEY'S FEES IN QUANTUM MERUIT FOR LEGAL SERVICES PERFORMED**

NOW COME Charles M. Lollar and the law firm of Lollar Law, PLLC (collectively "Lollar" or "the Firm"), former counsel for defendant Jacqueline J. Lucki ("Defendant"), and hereby moves this Court for an award of *quantum meruit* attorney's fees and costs for legal services performed in the amount of $27,608.73. In support of this Motion, Lollar submits the following Memorandum of Law.

## **MEMORANDUM**

## **STATEMENT OF FACTS AND PROCEDURAL POSTURE**

In early November of 2017, Defendant called attorney Charles M. Lollar ("Lollar") requesting representation by Lollar and the Firm in her defense in this proceeding to determine just compensation due for easement rights in her property, consisting of her home and approximately 17 acre parcel of land located at 10289 Russwood Road., Bent Mountain, Virginia ("the Property"). Plaintiff, Mountain Valley

1

Pipeline, LLC ("MVP") was attempting to acquire temporary and permanent easements totaling 1.85 acres (the "Easements") on her Property to construct a 42-inch diameter natural gas pipeline ("the Pipeline") relatively close to her residence. Defendant had been served with MVP's notice of condemnation and complaint, and was required to respond and file her objections to the complaint on the Monday following Thanksgiving.

Upon receipt and review of copies of MVP's initial pleadings, Lollar prepared and emailed to Defendant a contract (the "Contract") for the engagement of Lollar as attorney in connection with MVP's acquisition of the Easements on the Property. Defendant signed and returned the Contract dated November 14, 2017 to Lollar. A copy of the Contract is attached as **Exhibit 1**.

Lollar contacted land agents with Coates Field Services, Inc. ("Coates"), as representatives of MVP, to advise them of Lollar's representation of Defendant and to request that they direct all communications relating to Defendant and the Property through Lollar. Lollar also contacted counsel for MVP requesting copies of all filed pleadings and motions, to begin preparation of responses and objections of Defendant. Lollar prepared and timely filed responsive pleadings, served discovered upon MVP, and began preparing Defendant's case for just compensation under the Fifth Amendment and FRCP 71.1. MVP's Rule 56 and 65 motions for immediate possession required Lollar to appear in discovery pre-hearing depositions and a two-day evidentiary hearing in this Court January 12 and 13, 2018, followed by two months of post-hearing motions, appeals and other pleadings required by numerous Court orders.

Following the entry on March 7, 2018 of separate orders granting MVP immediate possession of Defendant's two parcels in the Property, in order to begin construction of the

pipeline project, counsel asked Defendant whether she wanted to take advantage of the voluntary mediation service provided or begin seek the entry of a scheduling order and begin discovery in her case. On Saturday, April 12, 2018, Defendant replied "No to Mediation" but did choose to be a party to the 4th Circuit USCA of the court's orders granting immediate possession, expressing dissatisfaction her prorated costs of $100. On April 30, 2018 Lollar filed Defendant's Rule 26(a) initial disclosures.

In October of 2018 the court directed the scheduling of Rule 16 conferences and trial dates for pending cases that had not settled. Defendant then agreed to attend mediation December 5, 2018, which was postponed due to the death of President Bush. On January 4, 2019 Lollar attended an all-day court-referred mediation conference on Defendant's behalf. Defendant's demand was $4,000,000, and the mediation was unsuccessful.

On February 8, 2019 the court entered a Scheduling Order in Defendant's case setting her trial on March 16-17, 2020. On February 14, 2019, delivered to Defendant a copy of the Scheduling Order, advised of the trial date, and letter outlining in detail the costs to be expected to meet expert disclosure deadlines and properly prepare for trial. A copy of the letter is attached as **Exhibit 2**. On February 18, 2019 MVP served Defendant with its second discovery request which Lollar forwarded to Defendant to review. On February 27, 2019 Lollar prepared and served upon MVP Lucki's second discovery request of thirteen interrogatories and nineteen requests to MVP to produce documents.

By letter dated March 6, 2019, Defendant terminated the attorney-client representation agreement with Lollar; such termination can only be qualified as "without cause." Lollar's duties of representation of Defendant continued, however, until the entry by the Court on April 1, 2019 of an Order allowing Lollar to withdraw. [Dkt. No. 7].

A statement reflecting the itemized time by task and incurred expenses by Lollar and the Firm ("Lollar's Statement") is attached as **Exhibit 3**. A Declaration by Lollar addressing the reasonableness of Lollar's customary fee rates and time is attached as **Exhibit 4**. A Declaration by attorney Isak Howell opining as to the reasonableness and necessity of Lollar's time, costs and rates is attached as **Exhibit 5.**

## APPLICABLE LAW

This Court has jurisdiction to resolve this fee dispute, applying Virginia law. *See In re Outsidewall Tire Litig.*, 52 F. Supp. 3d 777, 783 (E.D. Va. 2014), vacated and remanded on other grounds, 636 F. App'x 166 (4th Cir. 2016) (finding the court had ancillary or supplemental jurisdiction to resolve the attorneys' fee dispute and value the lien because "the action was filed and fully litigated here, and the lien was filed here") citing American Federation of Tobacco– *Growers v. Allen*, 186 F.2d 590, 592 (4th Cir. 1951).

Under Virginia law, when "an attorney employed under a contingency fee contract is discharged without just cause and the client employs another attorney who effects a recovery, the discharged attorney is entitled to a fee based upon quantum meruit for services rendered prior to discharge" *Heinzman v. Fine, Fine, Legum & Fine*, 234 S.E.2d 282, 286 (Va. 1977) (noting that "quantum meruit is the most functional and equitable measure of recovery"). As recently as 2017, the Fourth Circuit Court of Appeals in *Gilbert LLP v. Tire Engineering and Distribution, LLC*, reaffirmed the quantum meruit analysis courts must apply when determining the fee lien a Virginia attorney working under a contingency fee agreement is entitled to recover when a client terminates the representation without cause. 689 F. App'x 197, No. 16-1410 (4th Cir. 2017).

Courts use a three-step process to determine an award of attorney's fees. *McAfee v.*

*Boczar,* 738 F.3d 81, 88 (4th Cir. 2013). First, a "*lodestar*" figure is determined by multiplying a reasonable hourly rate by the number of reasonable hours expended. Id. Next, fees are deducted from the lodestar amount for any "unsuccessful claims unrelated to successful ones." *Id*. Finally, some percentage of the remaining amount is awarded, depending on the degree of success enjoyed by the movant. *Id*.

In determining a reasonable hourly rate and number of hours, the court is guided by: (I) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill required to perform the services rendered; (4) the attorney's loss of other employment by accepting the case; (5) the customary fee for the work; (6) the attorney's expectations at the outset of the work; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community; (11) the nature and length of professional relationship with the client; and attorney's fees awards in similar cases. *McAfee*, 783 F.3d at 88 n.5 (listing factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Fees may be awarded for multiple attorneys where there is no unreasonable duplication of work. *E.g., Hudson v. Pittsylvania Cty*., No. 4:11-cv-43, 2013 WL 4520023, at *6 (W.D. Va. Aug. 26, 2013), ajf'd, 774 F.3d 231 (4th Cir. 2014). In *Gilbert* the Fourth Circuit also expressly held that an upward adjustment of the loadstar figure is appropriate when an attorney was handling the matter under a contingent fee agreement. 689 F. App'x 197, No. 16-1410 (4th Cir. 2017).

## **LEGAL ARGUMENT**

In Defendant's Motion for Disbursement of Funds, Defendant does not dispute this Court's jurisdiction to determine the fee owed to Lollar in this matter or that Lollar is owed a

fee based on *quantum meruit*. Therefore, the *sole* issue for the Court to determine in this matter is the amount of fee Lollar is owed.

        A.        **The Requested Hourly Rate Is Reasonable.**

The party seeking a fee award must show that the requested hourly rate is reasonable. McAfee, 738 F.3d at 91. In determining reasonableness, the court considers the prevailing market rate in the community where the court sits and the background and experience of the lawyer involved. *Id.; Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 179 (4th Cir. 1994); *Reed v. Department of Corrections, Va.,* No. 7:13-cv-00543, 2015 WL 2374193, at *2 (W.D. Va. May 18, 2015).

A fee applicant can meet its burden of proof by a declaration attesting to the reasonableness of the requested hourly rate and evidence of what the attorney "actually charged" his client. *E.g., Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235,245 (4th Cir. 2009); *Rum Creek Coal*, 31 F.3d at 175; *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987); *Atkins v. Virginia Dept. of Transp.*, No. I :13-cv-00057, 2015 WL 858870, at *2 (W.D. Va. Feb. 27, 2015). Reasonableness can also be established by the rates approved in other cases and the court's own familiarity with the rates prevailing in the district.[1] *E.g. Rogers v. Summit Receivables*, No. 3:17-cv-0069, 2018 WL 1161144, at *4 (W.D. Va. Mar. 5, 2018); *Valdez v. Arm Wyn, LLC,* No. 7:14-cv-00263, 2015 WL 3661102, at *4 (W.D. Va. June 12, 2015).

Charles M. Lollar has practiced law for 43 years. Lollar's rate of $450 an hour is

---

[1] Although this Court awarded Lollar a rate of $275.00 in Case No. 7:19-cv-150 <u>Mountain Valley Pipeline, LLC v. 2.93 Acres of Land</u>; that case was not analogous because before the Court's consideration in that matter was a billing statement and time records submitted by BOTH attorneys Charles "Chuck" M. Lollar Sr. and Charles "Chip" M. Lollar Jr. Attorney Chip Lollar has significantly less experience thus the Court held a "blended" rate was reasonable in that instance. Additionally, in *2.93 Acres of Land*, the Court increased the blended hourly rate awarded to the Firm from $275.00 to $3838.63 due to the contingency nature of the Contract.

within the prevailing market rate for attorneys with Charles M. Lollar education, training, tenure and experience. In support of Lollar's reasonable requested rate of $450 attached hereto as **Exhibit 4** is his Declaration and attached hereto as **Exhibit 5** is the Declaration of Isak Howell, Esq. *See also Zen43, LLC v. Washington and Lee University,* Case No. 6:17-cv-00053, USDC, WD Va. Lynch Div. (2018), a copy of which is attached hereto as **Exhibit 6**. In *Zen43*, a Federal District Court Judge sitting in Lynchburg Virginia, Judge Norman K. Moon, based upon the Report and Recommendation of Magistrate Judge Robert S. Ballou, approved an hourly rate of $350 an hour for a partner, Mr. Webb Moore; in that matter Mr. Moore had with ten (10) years less experience than Lollar in a non-specialized area of practice (contract claim) which was not undertaken on a contingent fee basis. Mr. Moore's billed rate was $490; Lollar's usual billing rate, when not working on a contingent fee, is $600 an hour.

Consequently, the Court should approve Lollar's *quantum meruit* request with regards to an hourly rate of $450, due to Lollar's 43 years of legal practice, the contingent nature of the Contract, the complex nature of the litigation, the specialized area of Lollar's practice, and the difficulty in representing Defendant.

### B. The Requested Hours Are Reasonable.

In determining the reasonable number of hours, the court considers the specific tasks involved, whether those tasks would normally be billed to a paying client, and the potential duplication of services. *E.g., Hudson*, 2013 WL 4520023, at *4. The Court must also weigh the hours claimed against its own knowledge, experience, and expertise of the time required to complete similar activities. *Id*.

Lollar expended 61 hours on behalf of Defendant in this matter, which is reasonable and necessary, given the period of seventeen months devoted to this engagement, the many

pleadings and discovery prepared and filed, and the various tasks undertaken. *See* **Exhibits 4 and 5** to Motion. Consequently, the lodestar amount of $27,450.00 and the cost of photocopies and mileage for travel (prorated) are reasonable and should be approved and awarded.

      **C.**      **The Court should Consider the Contingent Nature of Lollar's Representation.**

The lodestar amount should not be reduced because there are no unsuccessful claims unrelated to the successful claim against Defendants. *McAfee*, 738 F.3d at 88 (providing for subtraction of hours spent on unsuccessful claims unrelated to successful ones). Furthermore, due to the contingency fee arrangement pursuant to the Contract between Lollar and Defendant, the loadstar figure determined by the Court should be considered support an hourly rate of $450 and a fee of $27,450.00.

## CONCLUSION

For the foregoing reasons, Lollar respectfully requests that the Court grant its motion and order Defendant to pay Lollar reasonable attorney's fees of $27,450.00 and costs of $158.73.

    Respectfully submitted,
    /s/Charles M. Lollar Charles M.
    Lollar Va. I.D. No. 17009
    LOLLAR
    LAW, PLLC
    109 E. Main St., Suite 501
    Norfolk, VA 23510
    Phone: (757) 644-4657
    Facsimile: (757) 644-
    4659 Email:
    chuck@lollarlaw.com
    *Former Counsel for*
    *Defendant*

**Certificate of Service**

    I hereby certify that on June 1, 2020, I electronically filed this pleading with the Clerk of Court using the CM/ECF system, to send notification of such filing, which shall constitute service upon all persons with an interest in the Property and all counsel of record, including the following:

Joseph V. Sherman,
Esq. JOSEPH V.
SHERMAN, P.C.
324 West Freemason Street
Norfolk, Virginia 23510
Phone: (757) 350-8308
*Counsel for Defendant*

Stephen M.
Hodges Wade
W. Massie
Mark E. Frye
Seth M. Land
PENN, STUART & ETHRIDGE
P.O. Box 2288
Abingdon, VA
24212
Facsimile No. (276) 628-
5621 Email:
wmassie@pennstuart.com
*Counsel for Mountain Valley Pipeline, L.L.C.*

                                                  /s/Charles M. Lollar